UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHIVA STEIN,

           Plaintiff,

- against -

FIVE BELOW, INC.,

           Defendant.

---

CIVIL ACTION NO: _____

CV 16- 2516

MAUSKOPF, J.

GOLD, M.J.

FILED
CLERK
2016 MAY 17 PM 4:35
U.S. DISTRICT
EASTERN DISTRICT
OF NEW YORK

## COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

### NATURE OF THE ACTION

1. This is a direct stockholder action under Section 14(a) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78n(a) (the "Exchange Act") for injunctive relief.

2. Plaintiff, a stockholder in Five Below, Inc. ("Five Below" or the "Company"), seeks to require Five Below to comply with the disclosure rules promulgated by the United States Securities and Exchange Commission ( "SEC") under the Exchange Act, including 17 C.F.R. § 240.14a-101 (Item 10(a)(1)) ("Item 10(a)(1)").

3. Item 10(a)(1) requires:

   Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

   (a) Plans subject to security holder action.

(1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

4. Five Below has failed to comply with this rule with regard to board proposals on two Company compensation plans – the Amended and Restated Equity Incentive Plan (the "Equity Plan") and the 2016 Performance Bonus Plan (the "Bonus Plan") – both of which are scheduled for a stockholder vote at the Company's June 21, 2016 annual stockholders meeting.

5. Plaintiff seeks an injunction to prevent a stockholders' vote on these proposals until the information required by Item 10(a)(1) with regard to these plans is provided to stockholders.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act.

7. In connection with the acts, omissions, conduct, and wrongs alleged herein, defendant used the mails and the means or instrumentalities of interstate commerce.

8. Venue is proper in this district because as allowed under Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

9. Plaintiff is, and has been continuously since June 12, 2014, a holder of Five Below common stock.

10. Five Below is a corporation organized under the laws of the Commonwealth of Pennsylvania. The Company's last fiscal year ended January 30, 2016. As of April 26, 2016, it had 54,714,544 shares of common stock issued and outstanding. The Company's common stock

is traded on the Nasdaq under the symbol "FIVE." Five Below is a specialty value retailer offering a broad range of merchandise targeted at the teen and pre-teen customer.

## WRONGFUL ACTS AND OMISSIONS

11. Five Below has scheduled an annual shareholder meeting for June 21, 2016. It furnished the proxy statement for this annual meeting ("Proxy Statement") on or about May 12, 2016 to solicit their proxies for four proposals.

12. SEC regulation 17 C.F.R. § 240.14a-3(a), requires that public companies may not solicit stockholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A."

13. Item 10(a)(1) of Schedule 14A requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

14. The third and fourth proposals of the Proxy Statement at issue here, concerning the Equity Plan and the Bonus Plan respectively, fail to disclose the classes of eligible participants, their approximate number, and the bases of their participation for the Plan. Thus, these proposals do not comply with the SEC regulations. Moreover, while each of these proposals claims that the entire Equity Plan and the Bonus Plan are attached as appendices to the Proxy Statement, there are no appendices to the Proxy Statement, and these statements are false or misleading. Moreover, the omission of these appendices is material.

## COUNT I
### (Exchange Act Violations in the Equity Plan Proposal)

15. Paragraphs 1 through 14 state a direct claim for relief against the Company under Section 14(a) of the Exchange Act for acting in contravention of the "rules and regulations" prescribed by the SEC.

16. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm in the form of an uninformed vote on the Equity Plan proposal if no action is taken to ameliorate this harm.

17. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) with regard to the Equity Plan proposal. In addition, the entire Equity Plan should be appended to this amended proxy statement so that stockholders have the information they were promised in the Proxy Statement.

18. Consequently, Five Below should be enjoined from presenting the Equity Plan proposal for a stockholder vote at the June 21, 2016 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Five Below stockholder in connection with the Equity Plan proposal in Five Below's Proxy Statement.

## COUNT II
### (Exchange Act Violations in the Bonus Plan Proposal)

19. Paragraphs 1 through 14 state a direct claim for relief against the Company under Section 14(a) of the Exchange Act for acting in contravention of the "rules and regulations" prescribed by the SEC.

20. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm in the form of an uninformed vote on the Bonus Plan proposal if no action is taken to ameliorate this harm.

21. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) with regard to the Bonus Plan proposal. In addition, the entire Bonus Plan should be appended to this amended proxy statement so that stockholders have the information they were promised in the Proxy Statement.

22. Consequently, Five Below should be enjoined from presenting the Bonus Plan proposal for a stockholder vote at the June 21, 2016 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Five Below stockholder in connection with the Bonus Plan proposal in Five Below's Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief:

A. A preliminary and permanent injunction, enjoining Five Below from

(i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Five Below stockholder in connection with the Equity Plan proposal in Five Below's Proxy Statement;

(ii) presenting the Equity Plan for a stockholder vote at the June 21, 2016 annual meeting;

(iii) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Five Below stockholder in connection with the Bonus Plan proposal in Five Below's Proxy Statement;

(iv) presenting the Bonus Plan for a stockholder vote at the June 21, 2016 annual meeting;

(v) otherwise proceeding at its June 21, 2016 annual shareholders meeting or at any other time in a manner inconsistent with Item 10(a)(1).

B.      Awarding such other and further relief as this Court deems just and proper.

Dated:  May 17, 2016

BARRACK, RODOS & BACINE

By: /s/ A. Arnold Gershon
A. Arnold Gershon
Michael A. Toomey
11 Times Square, 640 8th Ave.
10th Floor
New York, NY 10036
Telephone: (212) 688-0782
Facsimile: (212) 688-0783

*Attorneys for Shiva Stein*

6