UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN,<br><br>        Plaintiff,<br><br>       v.<br><br>FIVE BELOW, INC.,<br><br>        Defendant. | 16 CV 2516 (RRM/SMG) |

# MEMORANDUM OF LAW IN SUPPORT OF FIVE BELOW, INC.'S  
## MOTION TO DISMISS

Yehudah Gordon
PEPPER HAMILTON LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 808-2700

Jay Dubow (*pro hac* to be filed)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000

Counsel for Defendant, Five Below, Inc.

I.      INTRODUCTION

In this lawsuit, Plaintiff, Shiva Stein, brings a direct stockholder action under 17 C.F.R. § 240.13a-15 ("13a-15") and 17 C.F.R. § 240.15d-15 ("15d-15") of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78n(a) (the "Exchange Act") alleging that Defendant Five Below, Inc. failed to maintain adequate disclosure controls and procedures with regard to its proxy statements and Form 10-K annual reports.  Plaintiff's claims are based on the omission of certain information from a single recent proxy statement related to an upcoming annual meeting that was provided in a corrected proxy statement immediately once Five Below became aware of the omission.  Whatever omissions that once existed in the proxy statement were remedied long before the annual meeting.  Plaintiff admits as much in the Amended Complaint [Dkt. No. 11, ¶ 25, 29] in which Plaintiff states that she is not seeking any relief for Counts I and II of the Amended Complaint.  Consequently, there has been no injury and there is no basis for this lawsuit.  Plaintiff has failed to state a claim upon which relief can be granted for the following three independent reasons: (1) there is no private right of action under Rules 13a-15 and 15d-15; (2) the controls and procedures requirements of Rules 13a-15 and 15d-15 do not apply to proxy statements; and (3) in any event, the conduct alleged does not rise to the level of a violation of Rules 13a-15 and 15d-15.

II.     RELEVANT FACTS

Plaintiff commenced the instant action by filing a Complaint [Dkt. No. 1] on May 17, 2016 purporting to assert claims under Section 14(a) of the Exchange Act ("Section 14(a)") alleging that the proxy statement for the 2016 Annual Meeting of Shareholders of Five Below, Inc. ("Proxy Statement") failed to comply with the disclosure rules set forth in 17 C.F.R. §240.14-101 (Item 10(a)(1)) because certain information related to two proposals to be voted on

at the meeting was omitted.[1] Plaintiff also filed a Motion for a Preliminary Injunction by Order to Show Cause seeking to enjoin the 2016 Annual Meeting until Five Below provided the requested information. In response to the Complaint, three days later, on May 20, 2016, Five Below filed a revised Proxy Statement which supplied the omitted information. Recognizing that her existing claims were moot, Plaintiff then voluntarily withdrew her Motion for a Preliminary Injunction by Order to Show Cause [Dkt. No. 8].

However, rather than ending this litigation, Plaintiff (and Plaintiff's counsel) attempt to take another bite at this eaten apple. On June 2, 2016, Plaintiff filed a threadbare Amended Complaint ("FAC") [Dkt. No. 11] withdrawing her claims under Section 14(a) on the grounds that the revised Proxy Statement now contained the information that Plaintiff requested. Remarkably, Plaintiff now posits that the alleged omissions in the Proxy Statement outlined in her initial Complaint amount to a failure to maintain adequate disclosure controls and procedures with regard to Five Below's proxy statements ("Count III") and Form 10-K annual reports ("Count IV").[2] [FAC ¶ 19-21]. Although the FAC does not state what section of the Exchange Act Plaintiff is proceeding under, it appears that she is attempting to bring these two new claims under the controls and procedures requirements of Rules 13a-15 and 15d-15. [FAC ¶ 20]. Five Below now moves to dismiss these claims.

---

[1] Specifically, Plaintiff alleged that proposals 3 (Approval of the Company's Equity Incentive Plan) and 4 (Approval of the Company's Performance Bonus Plan) of the Proxy Statement failed to disclose the classes of eligible participants, their approximate number, and the bases of their participation in the plan. Plaintiff also alleged that neither plan was attached as an appendix to the Proxy Statement.

[2] Plaintiff falsely claims that because the Five Below 2015 Form 10-K Annual Report ("2015 Annual Report") incorporates by reference information in the not-yet-filed Proxy Statement, including sections that discuss the Equity and Bonus Plans, Five Below has failed to maintain adequate controls and procedures with regard to its Form 10-K annual reports. Clearly, Plaintiff has not actually read the 2015 Annual Report because it does not incorporate the sections of the Proxy Statement relating to the Equity and Bonus Plan Proposals. Thus, Plaintiff's claim regarding information that the 2015 Annual Report incorporates holds no weight. Plaintiff also claims that the 2015 Annual Report falsely stated that Proposal 3 of the Proxy Statement involved the "Ratification of Independent Registered Public Accounting Firm" when in fact, Proposal 2 of the Proxy Statement involved the "Ratification of Independent Registered Public Accounting Firm."

### III.     ARGUMENT

#### A.     Legal Standard for a Motion to Dismiss

On a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient.  *Twombly*, 550 U.S. at 555.  Nor are "legal conclusions couched as factual allegations," which are not entitled to the presumption of truth.  *Iqbal*, 556 U.S. at 678.

#### B.     No Private Right Of Action For Violation Of Rules 13a-15 And 15d-15

Rules 13a-15 and 15d-15 require companies subject to the reporting requirements of the Exchange Act to maintain disclosure controls and procedures regarding their financial reporting.  See 17 C.F.R. § 240.13a-15(a) and 17 C.F.R. § 240.15d-15(a).  Plaintiff's FAC should be dismissed because there is no standalone private right of action for violations of Rules 13a-15 and 15d-15.  *See Runyan v. River Rock Entm't Auth.*, 2008 U.S. Dist. LEXIS 111129, at *20 (N.D. Cal. Aug. 8, 2008) (declining to exercise federal question subject matter jurisdiction because Exchange Act Rules 13a-15 and 15d-15 do not give rise to a private federal cause of action); *see also Touche Ross & Co. v. Redington*, 442 U.S. 560, 569-70 (1979) (declining to recognize a private right of action under Section 17(a) of the Exchange Act on the basis that the language provided no basis for doing so.); *Finkel v. Stratton Corp.,* 962 F.2d 169, 175 (2d Cir. 1992) (concluding that there is no private right of action under Section 17(a) of the Exchange

Act because, among other reasons, "the lack of any evidence of Congressional intent to create a private right of action"). The only way a failure to maintain controls and procedures in violation of Rules 13a-15 and 15d-15 is actionable is if it is coupled with a fraudulent statement in a securities fraud action, which is not the case here. *See In re Elan Corp. Sec. Litig.*, 543 F. Supp. 2d 187 (S.D.N.Y. 2008) (securities fraud class action under Sections 10(b) and 20(a) alleging, among other claims, that Defendants' misrepresented that Elan maintained adequate internal controls under Rules 13a-15 and 15d-15, when in fact, Elan's controls were deficient); *In re Symbol Techs., Inc. Sec. Litig.*, 2013 U.S. Dist. LEXIS 171688 (E.D.N.Y. Dec. 5, 2013) (securities fraud class action under Sections 10(b) and 20(a) alleging, among other claims, that Defendants made false statements in connection with their internal controls and procedures). Here, because Plaintiff does not have a viable claim under the Exchange Act, she attempts to create a new cause of action under Rules 13a-15 and 15d-15 instead. There are no grounds for such an action. On this basis alone, Plaintiff's claims fail and the Court should dismiss her Amended Complaint.

### C. Rules 13a-15 And 15d-15 Do Not Apply To Proxy Statements

In addition to the fact that there is no private right of action under Rules 13a-15 and 15d-15, Count III of the FAC should also be dismissed because the controls and procedures requirements of Rules 13a-15 and 15d-15 only apply to *financial reports* filed under the Securities Act, not to proxy statements. Rule 13a-15(e) clearly defines disclosure controls and procedures as: "controls and other procedures of an issuer that are designed to ensure that information required to be disclosed by the issuer in the *reports* that it files or submits under the Act [] is recorded, processed, summarized and reported, within the time periods specified in the

Commission's rules and forms." (emphasis added).³ 17 C.F.R. § 240.13a-15(a); *see also In re Elan Corp. Sec. Litig.*, 543 F. Supp. 2d at 222-23 ("The disclosure controls described in the certifications govern the treatment of information required to be disclosed in SEC filings."). Proxy rules fall under Section 14(a), which is an entirely different regime with different purposes than Rules 13a-15 and 15d-15, and which contains no corresponding controls and procedures requirement. Plaintiff initially alleged a cause of action under Section 14(a), but admits that those claims are now moot [FAC ¶ 25, 29]. Recognizing that there are no disclosure control requirements for proxy statements, Plaintiff now attempts to bootstrap her claim regarding the Proxy Statement to her claim regarding the 2015 Annual Report to argue that it too somehow falls under Rules 13a-15 and 15d-15, when in fact it does not. Accordingly, this is another reason that the Court should dismiss Count III of the FAC.

**D.     Conduct Alleged Does Not Rise To The Level Of A Violation Of Rules 13a-15 and 15d-15.**

There is no basis from the facts in this case to allege that Five Below failed to maintain adequate disclosure controls and procedures under Rules 13a-15 and 15d-15. A single instance of oversight in a single proxy statement is insufficient to demonstrate failure to maintain adequate disclosure controls and procedures. Where courts have permitted claims alleging failure to maintain adequate controls and procedures to proceed, plaintiffs presented evidence (or allegations) of long-standing and wide ranging noncompliance. *See e.g. N. Port Firefighters' Pension-Local Option Plan v. Fushi Copperweld, Inc.*, 929 F. Supp. 2d 740 (M.D. Tenn. 2013) (claim alleging violation of Rules 13a-15 and 15d-15 based on numerous instances of non-

---

³ Rule 15d-15(e) contains an identical definition. See 17 C.F.R. § 240.15d-15(a).

compliance).  Of course, these were in context of securities fraud cases brought under Section 10(b), which this case is not.

Even if a single set of events could support a claim for failure to maintain adequate disclosure controls, most of the onetime omissions that Plaintiff alleges in the initial Proxy Statement are clearly not instances of non-compliance, and Plaintiff makes no attempt to explain otherwise.  For example, as Plaintiff's counsel is well aware, SEC rules do not require a benefit plan that is the subject of a shareholder vote to be included with the proxy statement. *Shaev v. Hampel*, 2002 U.S. Dist. LEXIS 20497, at *25 (S.D.N.Y. Oct. 25, 2002) ("SEC rules and regulations do not require that the full text of the Plan be included with the Proxy Statement.")  (Plaintiff's counsel in that case is the same here.  He lost the *Shaev* case at the trial level and it was upheld on appeal).  Accordingly, there is no basis to state that not attaching it to the Proxy Statement violates Rules 13a-15 and 15d-15.

As noted in Section II, Footnote 2 *supra*, Plaintiff misrepresents to the Court that the 2015 Annual Report incorporates by reference the sections of the Proxy Statement that discuss the Equity and Bonus Plans.  If Plaintiff had actually read the 2015 Annual Report, she would note that is not the case.  The 2015 Annual Report does not incorporate the sections of the Proxy Statement relating to the Equity and Bonus Plan Proposals.  Accordingly, Plaintiff cannot argue that the alleged omissions in the Proxy Statement are at all relevant to the 2015 Annual Report.

Finally, Plaintiff fails to allege how his sole remaining claim regarding the 2015 Annual Report, the fact that the 2015 Annual Report contains the wrong proposal number for "Proposal 3, Ratification of Independent Registered Public Accounting Firm", violates Rules 13a-15 and 15d-15.  The name of the proposal is the same in both the 2015 Annual Report and the Proxy Statement.  Only the numbers are different.  The mere change of the proposal number

cannot conceivably cause any confusion, nor could it result in any failure of the intended disclosure to be properly incorporated by reference into the 2015 Annual Report in satisfaction of the relevant SEC requirement. No reasonable person could claim that they could not immediately determine that the information relating to fees paid to the auditors that was intended to satisfy the 2015 Annual Report requirement is anything other than the information set forth under a proxy statement proposal with the same exact heading as that referenced in the 2015 Annual Report, but just with a different proposal number.

Because the conduct alleged clearly does not rise to the level of a violation of Rules 13a-15 and 15d-15 (or any other SEC rules or regulations), this is a further reason that the Court should dismiss Plaintiff's remaining claims

## IV. CONCLUSION

For the foregoing reasons, the Court should enter an order granting this motion, dismiss Plaintiff's claims with prejudice, and award Five Below such further relief as is equitable and just.

Dated: June 13, 2016                             Respectfully submitted,

s/ Yehudah Gordon
Yehudah Gordon
PEPPER HAMILTON LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 808-2700

Jay Dubow (*pro hac* to be filed)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000

Counsel for Defendant, Five Below, Inc.
