

**BARRACK | RODOS | BACINE**
*A Professional Corporation*
ATTORNEYS AT LAW

Alexander Arnold Gershon
agershon@barrack.com

June 27, 2016

<u>Via ECF/EMAIL</u>
Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Stein v. Five Below, Inc.*, No. 16 Civ. 2516 (E.D.N.Y.) (RRM) (SMG)

Dear Judge Mauskopf:

    Plaintiff Shiva Stein respectfully submits this letter in response to the Court's June 21, 2016 Order and joins Defendant's request for a pre-motion conference.

    On May 12, 2016, Defendant Five Below, Inc. filed with the SEC and furnished to its stockholders a proxy statement ("Original Proxy") for the June 21, 2016 annual meeting soliciting stockholder approval for five Company proposals. The third and fourth proposals solicited stockholder approval of the Amended and Restated Equity Incentive Plan ("Equity Plan") and the 2016 Performance Bonus Plan ("Bonus Plan"). Plaintiff, a stockholder, alleged in her complaint filed May 17, 2016, that the third and fourth proposals did not comply with SEC regulations and were otherwise defective because: (i) they failed to comply with SEC regulation 17 C.F.R. § 240.14a-101 (Item 10(a)(1)), which requires plan proponents to "indicate the approximate number of persons in each … class" of plan participants and "state the basis of such participation"; and (ii) although the proposals represented that the plans were attached to the Original Proxy as appendices A and B, there were no appendices to the Original Proxy. Without the Bonus Plan, (iii) it was also impossible to determine whether the fourth proposal was false when it stated that non-employee directors could receive awards under this plan.

    On May 18, 2016, this Court ordered Five Below to show cause why it should not correct the issues identified above before the stockholder votes. On May 20, 2016, in response to the complaint and this Court's Order, Five Below filed with the SEC, and furnished to its stockholders, a revised proxy statement ("Revised Proxy") that (i) identified the number of persons in each class of Equity Plan and Bonus Plan participants and explained the bases of such participation; (ii) included the actual plan documents as appendices to the Revised Proxy; and (iii) no longer falsely stated in the Bonus Plan proposal that non-employee directors could receive awards under this plan. On May 23, 2016, Plaintiff proposed that on the basis of these new disclosures, the stockholder votes should not be enjoined. On May 26, 2016, the Court entered Plaintiff's proposed order.



Honorable Roslynn R. Mauskopf
June 27, 2016
Page 2

On June 2, 2016, Plaintiff filed an amended complaint alleging at ¶¶20-21 that the massive failures identified in the Original Proxy demonstrated a failure by Five Below to maintain adequate "disclosure controls and procedures" with regard to its proxy statements, as required by SEC Rules 13a-15(e), 17 C.F.R. § 240.13a-15(e) and 15d-15(e), 17 C.F.R. § 240.15d-15(e). Defendant proposes to make three arguments in support of a motion to dismiss: (1) there is no private right of action under Rules 13a-15 and 15d-15; (2) Rules 13a-15 and 15d-15 do not apply to proxy statements; and (3) the massive deficiencies in the Original Proxy are insufficient for this Court to find disclosure deficiencies.

Defendant's arguments are without merit. Plaintiff has brought this case under Section 14(a) of the Exchange Act, not under Rule 13a-15(e) and Rule 15d-15(e), which provides that "[i]t shall be unlawful for any person ... in contravention of such rules and regulations as the [SEC] may prescribe ... to solicit ... any proxy or consent or authorization in respect of any security ... registered pursuant to ... this title." 15 U.S.C. § 78n(a). There is no question that Plaintiff has an implied right of action to assert such a claim. *Grace v. Rosenstock*, 228 F.3d 40, 47 (2d Cir. 2000) (citing *J.I. Case Co. v. Borak*, 377 U.S. 426 (1964)). Defendant has solicited proxies "in contravention of" two rules of the SEC – Rule 13a-15(e) and Rule 15d-15(e) – which require that the Company maintain "controls and procedures designed to ensure that information required to be disclosed by an issuer in the reports that it files or submits under the Act is accumulated and communicated ... as appropriate to allow timely decisions regarding required disclosure." Thus, Plaintiff may assert a private right of action under Section 14(a) for Defendant's failure to maintain such "disclosure controls and procedures." None of the cases Defendant cites state that there is no private right of action under Section 14(a) to enforce violations of SEC Rules 13a-15(e) and 15d-15(e), and Plaintiff is unaware of any such decisions.[1]

Defendant's second argument that Rules 13a-15 and 15d-15 do not apply to proxy statements is equally unavailing. Indeed, in a 2002 release concerning the final versions of Rules 13a-15 and 15d-15, the SEC specifically stated that the disclosure controls and procedures required by these rules pertain to definitive proxy statements:

> Disclosure controls and procedures ... are required to be designed, maintained and evaluated to ensure full and timely disclosure in current reports, *as well as definitive proxy materials* and definitive information statements, even though there is no specific certification requirement relating to reports on those forms.

---

[1] Very recently the Second Circuit affirmed that "when Congress passed [the Sarbanes-Oxley Act], it was 'aware of...' [the] myriad decisions holding that '[l]iability can be imposed [under Section 14(a)] for negligently drafting a proxy statement.'" *DeKalb Cty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 409 (2d Cir. 2016). SEC Rule 13a-15(e) or Rule 15d-15(e) were adopted by the SEC under Sarbanes-Oxley.



Honorable Roslynn R. Mauskopf
June 27, 2016
Page 3

Securities and Exchange Commission, Certification of Disclosure in Companies' Quarterly & Annual Reports, Release No. 46427, 2002 WL 31720215, at *4 (Aug. 28, 2002) (emphasis added); *see also id.* at *4 n.37. Such rules explicitly require that "disclosure controls and procedures" contemplate disclosure of "required material *non-financial* information, as well as financial information." *Id.* at *7 (emphasis added). Because these rules require proper disclosure controls with regard to proxy statements, a private right of action can be asserted under Section 14(a). *Borak*, 377 U.S. at 431-32.

Defendant's third purported ground for seeking dismissal of the amended complaint (*i.e.*, the massive failures in the Original Proxy are "insufficient to demonstrate failure to maintain adequate controls and procedures") is also without merit. Defendant cites *Shaev v. Hampel*, which noted that a plan document does not have to be attached "unless it is a part of the proxy statement." No. 99 CIV. 10578 (RMB), 2002 WL 31413805, at *8 (S.D.N.Y. Oct. 25, 2002). Here, however, the Original Proxy stated that proposals three and four were "subject to the complete text of the [plans] which [are] attached as Appendix [A and B]." Given this admission, the plan documents were certainly "part of the proxy statement," even if the company failed to attach them. And, as alleged in the amended complaint, the three glaring failures in the Original Proxy are indicative of material weaknesses in Defendant's disclosure controls sufficient for this case to proceed to discovery.

In this regard, Plaintiff respectfully submits that certain limited discovery should now be allowed to address Defendant's third argument that the conduct alleged is not sufficient to find a violation of Rules 13a-15 and 15d-15 before considering a motion to dismiss. Plaintiff requests that she be permitted to discover: (1) the facts and circumstances underlying Defendant's initial massive disclosure failures; and (2) whether Defendant intends to remedy the disclosure deficiencies identified in the amended complaint before its next quarterly report. To this point, Five Below *has not yet disclosed*, as it is required to do under these rules, *see* SEC Release No. 46427, 2002 WL 31720215, at *3, whether it properly "evaluated the effectiveness of the issuer's disclosure controls and procedures" with respect to the period when the Original Proxy was finalized and furnished on May 12, 2016.[2] Such discovery will reveal the extent of Five Below's disclosure deficiencies, the specific cause of the failures identified here, and whether Five Below has attempted to remedy these deficiencies so that this Court may assess whether such conduct is sufficient for Rule 13a-15 and 15d-15 violations.

Respectfully,

*[signature]*

---

[2] Five Below's most recent public statement concerning its "disclosure controls and procedures" was in its June 3, 2016 10-Q and only covered the period ended April 30, 2016. Its next disclosure concerning the period including May 12, 2016 will be filed in September.